IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAAC WILLIAM BAKER, | : | CIVIL NO.  4:14-CV-1109 |
| | : | |
| Plaintiff, | : | (Judge Kane) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| MICROBILT CORPORATION, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

### I.  Statement of Facts and of the Case

This case, which comes before us on a motion to dismiss, involves a claim brought by a consumer against a credit agency under the Fair Credit Reporting Act (FCRA), and the Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. §1681.  The plaintiff's complaint, which was initially filed in the Court of Common Pleas of Lycoming County on May 9, 2014, makes two claims under these federal consumer credit laws.  First, it is alleged that the defendant violated 15 U.S.C. §1681g(a)(1)(A), by failing to redact the plaintiff's social security number from correspondence sent to the plaintiff, despite a request by the plaintiff for redaction of

this information.[1]   (Doc.1-2,¶¶41-48.)   The plaintiff's complaint then goes on to allege that the defendant also violated the FCRA and FACTA by failing to provide the plaintiff as a consumer with a copy of a summary of the consumer's rights, as required by 15 U.S.C. §1681g(c)(2), which states that: "A consumer reporting agency shall provide to a consumer, with each written disclosure by the agency to the consumer under this section– [a] summary of rights. . . ." Id.  (Doc. 1-2, ¶¶ 49-66.) As a remedy for these alleged violations of these federal consumer protection laws, the plaintiff seeks statutory and punitive damages, along with attorney's fees and injunctive relief.  (Id., ¶¶ 68-79.)

On June 9, 2014, Microbilt timely removed this action from the Court of Common Pleas of Lycoming County into federal court. (Doc. 1.)  Microbilt has now moved to dismiss the complaint.  (Doc. 5.)  In this motion to dismiss, Microbilt

---

[1]15 U.S.C.A. § 1681g (a)(1)(A) provides that: "Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer:

(1) All information in the consumer's file at the time of the request, except that--

(A) if the consumer to whom the file relates requests that the first 5 digits of the social security number (or similar identification number) of the consumer not be included in the disclosure and the consumer reporting agency has received appropriate proof of the identity of the requester, the consumer reporting agency shall so truncate such number in such disclosure."

advances two claims.  First, Microbilt argues that this complaint fails as a matter of law to state a claim for either attorney's fees or injunctive relief under the FCRA and FACTA.  In addition, the defendant moves to dismiss the complaint for failure of proper service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

With respect to this latter aspect of the defendant's motion to dismiss the essential facts concerning service of this complaint are largely undisputed and are reflected in the visual depiction appended to the defendant's motion to dismiss (Doc. 6 p.3.):  It appears that this complaint, and a complaint in a companion case, were sent through ordinary certified U.S. mail to the street address of MicroBilt in Georgia, but the package containing these pleadings was not addressed to MicroBilt.  Instead, the correspondence bore the name of the in-house counsel for MicroBilt, who is not located in that company's Georgia offices but rather works in New Jersey and resides in Pennsylvania.  While the envelope containing these two complaints did not identify MicroBilt as the intended recipient of these pleadings, when the certified letter arrived at the address listed on the envelope, at MicroBilt's office in Georgia, a member of that company's custodial staff, who is not authorized to accept service of process, signed for the certified letter.  (Doc. 5-3.)

With the issue of service of process framed in this fashion, this motion to dismiss is fully briefed by the parties, (Docs. 6, 9, 10.) and, therefore, is ripe for resolution.  As set forth below, we find that proper service of process has not been made in this case, but recommend in lieu of dismissal of this action that the flawed service of process be quashed, and the plaintiff be directed to make proper service within 45 days.  Further, as to the merits of the claims set forth in this complaint, we recommend that the defendant's motion to dismiss be granted, in part, and the plaintiff's prayer for injunctive relief should be dismissed.  We further recommend that the motion be denied with respect to the plaintiff's request for attorney's fees.

## II.   <u>Discussion</u>

### A.   <u>Motion to Dismiss for Insufficient Service of Process Rule 12(b)(5)</u>

There are two aspects to the motion to dismiss filed by MicroBilt in this case. At the outset, MicroBilt moves to dismiss this complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure which permits dismissal of a case for insufficient service of process.

With respect to this requirement of proper service of process, this Court has recently observed that:

> Federal Rule of Civil Procedure 4 prescribes the process for issuing and serving a summons and complaint.  Fed.R.Civ.P. 4; 2 James Wm. Moore et al., Moore's Federal Practice § 12.33[1] (3d ed.2014) [hereinafter

4

Moore's Federal Practice].   A motion to dismiss pursuant to Rule 12(b)(4) properly challenges only noncompliance with Rule 4(b) or other provisions pertaining to the content or issuance of the summons, while a Rule 12(b)(5) motion may be used to challenge the method of service or the lack of service.   Fed. R. Civ. P. 12(b)(4), (b)(5); 5B Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1353 (3d ed.2014).   A defendant may move to dismiss the complaint or quash service pursuant to Rule 12(b)(4) or Rule 12(b)(5) when a plaintiff fails to comply with the requirements of Rule 4.   2 Moore's Federal Practice § 12.33[1].   In a challenge to the sufficiency of service, the burden of proof lies on the party asserting the validity of service.   Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir.1993) (citing 4A Wright & Miller § 1083); Mitchell v. Theriault, 516 F.Supp.2d 450, 452 (M.D.Pa.2007).   However, the movant must state its objections with specificity and must identify the manner in which the plaintiff failed to satisfy the requirements of service.   2 Moore's Federal Practice § 12.33[1].

McDonald v. SEIU Healthcare Pennsylvania, 1:13-CV-2555, 2014 WL 4672493, *3

(M.D. Pa. Sept. 18, 2014).   Further,"[w]hen a plaintiff fails to serve process as set

forth in Rule 4, a court possesses discretion either to dismiss the complaint or to

quash service and grant plaintiff additional time to serve the summons and complaint.

See Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir.1992); see also Fed. R. Civ. P.

4(m).   When there remains a reasonable prospect that service may be obtained,

however, dismissal of a complaint is inappropriate.   Umbenhauer, 969 F.2d at 30.

Under that circumstance, 'the district court should, at most, quash service, leaving the

plaintiff[ ] free to effect proper service.' Id." McDonald v. SEIU Healthcare

Pennsylvania, 1:13-CV-2555, 2014 WL 4672493, *5  (M.D. Pa. Sept. 18, 2014).

### B.    Motion to Dismiss Rule 12(b)(6)–Standard of Review

The defendant has also moved to dismiss certain claims set forth in the complaint, arguing that these claims for attorney's fees and injunctive relief fail to state a claim upon which relief may be granted.  A motion to dismiss for failure to state a claim is designed to test the legal sufficiency of a complaint.  Thus, Rule 12(b)(6) of the Federal Rule of Civil Procedure provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 555.  This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of necessary elements of the plaintiff's cause of action. Id. at 556.  Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to

6

relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotation marks omitted) (quoting Twombly, 550 U.S. at 555). Thus, "[a]t the motion to dismiss stage, we accept as true all factual assertions, but we disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements. See Iqbal, 556 U.S. at 678–79, 129 S.Ct. 1937; Twombly, 550 U.S. at 555–57, 127 S.Ct. 1955; Burtch, 662 F.3d at 220–21." James v. City of Wilkes-Barre, 700 F.3d 675, 681 (3d Cir. 2012).

As the court of appeals has observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors,

Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

Thus, in assessing a motion to dismiss under Rule 12(b)(6) the court engages in a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947.   Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950.   Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In undertaking this task, the court generally relies only on the complaint, attached exhibits, and matters of public record.   Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007).   The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."   Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).   Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered."   Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also, U.S. Express

Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (instructing that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment.") (original emphasis removed).   However, the court may not rely on other parts of the record in determining a motion to dismiss.  Jordan v. Fox, Rothschild, O'Brien &Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

**C.**   **MicroBilt's Motion to Dismiss for Insufficient Service Should Be Denied, But the Attempted Service Should Be Quashed and the Plaintiff Should be Instructed to Effect Proper Service With 45 Days**

Turning first to MicroBilt's motion to dismiss the complaint for insufficient service of process, as a general rule once the adequacy of service is challenged "the party asserting the validity of service bears the burden of proof on that issue.  See 4A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1083 (1987)."  Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).  Here, MicroBilt has challenged the sufficiency of service, noting that service was attempted in this case through a certified letter which was not addressed to MicroBilt, but rather was addressed to an attorney who worked for that company.  The letter was then mailed, not to the attorney's offices in New Jersey, but rather to an address that housed other MicroBilt offices.  When the mail was delivered

9

to this office, it was signed for by a custodian, a person who is not an agent of the corporation authorized to accept service of process.

Rule 4 of the Federal Rules of Civil Procedure prescribes the manner in which service of process should be made.   Under Rule 4(h), "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:  (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual."  Fed. R. Civ. P. 4(h).   Rule 4(e)(1), in turn, provides that a party "may be served in a judicial district of the United States by:  (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."  Fed. R. Civ. P. 4(e)(1).  The Pennsylvania Rules of Civil Procedure then permit service through the mails, but impose certain specific requirements upon that service stating that:  "a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt *signed by the defendant or his authorized agent*."  Pa. R. Civ. P. 403 (emphasis added.)

The requirement that the service through mail be made upon an authorized agent of the defendant corporation has been construed by this Court to mean precisely what it says.  Therefore, "[e]ven if plaintiff mailed service to an address maintained by defendant . . ., that does not necessarily make service proper under the rules."

10

Defillipis v. Dell Fin. Servs., 3:14-CV-00115, 2014 WL 3921371, *3 (M.D. Pa. Aug. 11, 2014).  Rather, it must also be shown that service was made upon "an agent authorized by the corporation or similar entity in writing to receive service of process for it."  Id., quoting Pa. R. Civ. P. 424(3).  Indeed, this Court has emphasized that "[t]he rules relating to service of process must be strictly followed, and jurisdiction of the Court over the person of the defendant is dependent upon proper service having been made."  Defillipis v. Dell Fin. Servs., 3:14-CV-00115, 2014 WL 3921371, *4 (M.D. Pa. Aug. 11, 2014) quoting Sharp v. Valley Forge Med. Ctr. & Heart Hosp., Inc., 422 Pa. 124, 221 A.2d 185, 187 (Pa.1966).

Here, we find that the plaintiff has not carried his burden of proving that proper service was made upon MicroBilt.  See Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).  We note that the evidence does not show service through mail upon an agent authorized to accept mail on behalf of the company.  Instead, at most, we are presented with the acceptance of an ambiguously addressed letter by an accommodating custodian, something that falls well below the requirements of proper service under Pennsylvania and federal law.  However, this finding of insufficient service does not end our inquiry regarding this aspect of the defendant's motion to dismiss.  "Although defendants' motion was brought pursuant to Federal Rule of Civil Procedure 12(b)(5), district courts

11

reviewing such motions 'possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process. However, dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service.' Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir.1992)." Mitchell v. Theriault, 516 F. Supp. 2d 450, 457 (M.D. Pa. 2007). In this case, we find that it appears that there exists a reasonable prospect that service may yet be obtained. Therefore, in the proper exercise of our discretion, it is submitted that the Court simply should "quash service, leaving the plaintiffs free to effect proper service." Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir.1992). Accordingly, it is recommended that the motion to dismiss for insufficiency of service be denied, but this flawed service should be quashed, and the plaintiff directed to make proper service with 45 days, on pain of dismissal if the plaintiff fails to properly effect service. See Church-El v. Bank of New York, CV 11-877 (NLH/KMW), 2013 WL 6907413 (D. Del. Dec. 31, 2013).

### D. MicroBilt's Motion to Dismiss for Failure to State a Claim Should be Granted in Part

As for MicroBilt's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, Microbilt argues that this complaint fails as a

matter of law to state a claim for either attorney's fees or injunctive relief under the FCRA and FACTA.

Turning first to MicroBilt's motion to dismiss the attorney's fees claims from the complaint, this argument warrants only brief consideration. The FCRA, by its terms, permits the recovery of attorney's fees. <u>See</u> 15 U.S.C. §1681n(a)(1)(B)(3) and (c). Since the law expressly allows for recovery of attorney's fees it cannot be said at the outset of this litigation, when our review is confined to an assessment of the pleadings, that a prayer for such relief is inappropriate and should be stricken from the complaint. Therefore, this aspect of the motion to dismiss should be denied.[2]

As for MicroBilt's motion to dismiss the plaintiff's prayer for injunctive relief, this presents a different, and closer, question. At the outset, we note that it is unclear from the complaint what this proposed injunctive relief might be since the plaintiff's prayer for relief simply requests that the plaintiff receive an annual credit report free of charge, something that the law already appears to provide to consumers. <u>See</u> 15

_____

[2]Fairly construed, the defendant's motion does not challenge a prevailing plaintiff's entitlement to attorney's fees under the FCRA as a matter of law, but rather seems to assert that the fees claimed by this counsel are improper and excessive. This argument, however, is premature since there has been no finding in favor of the plaintiff, the legal and factual predicate for a fee petition, and invites us to foray beyond the pleadings, something we cannot do when considering a motion to dismiss under Rule 12(b)(6). In short, these arguments must await another day.

U.S.C. §1681j(1)(A)("All consumer reporting agencies described in subsections (p) and (w) of section 1681a of this title shall make all disclosures pursuant to section 1681g of this title once during any 12-month period upon request of the consumer and without charge to the consumer.")  Beyond seeking this apparently superfluous relief, the complaint then simply asks for "such other relief as this Honorable Court may deem just and proper."  (Doc. 1-2, ¶78.)

In support of its motion to dismiss, MicroBilt aptly notes that numerous courts have construed the FCRA to not provide for any private right of action for injunctive relief.  See, e.g., Washington v. CSC Credit Servs. Inc., 199 F. 3d 263,268-69 (5th Cir. 2000); Quadrant Info. Servs., LLC v. LexisNexis Risk Solutions, Inc., No. C 11-6648 SBA, 2012 WL 3155559, at *3 (N.D. Cal Aug. 2, 2012); Ilodianya v. Capital One Bank USA NA, _ F. Supp. 2d _, No. 4: ll-CV-637-DPM, 2012 WL 503731, at *3 (E.D. Ark. Feb 15, 2012); Yasin v. Equifax Info. Servs., LLC, No. C-08-1234 MMC, 2008 WL 2782704, at *2 (N.D. Cal. July. 16, 2008); Yeagley v. Wells Fargo & Co., No. C 05-03403 CRB, 2006 WL 193257, *2 (N.D. Cal. Jan. 23, 2006); Howard v. Blue Ridge Bank, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005).  While the United States Court of Appeals for the Third Circuit has apparently not squarely addressed this issue, it has in related consumer protection contexts expressed a reluctance to infer a cause of action for injunctive relief where Congress has not

expressly provided for such relief.  <u>Cf.</u>  <u>Weiss v. Regal Collections</u>, 385 F.3d 337, 341 (3d Cir. 2004), <u>as amended</u> (Oct. 22, 2004)("The FDCPA contains no express provision for injunctive or declaratory relief in private actions.")  Moreover, a number of district courts within this circuit have considered this precise issue and concluded that the FCRA does not provide a private right of action for injunctive relief.  <u>See, e.g.</u>, <u>Carlton v. Choicepoint, Inc.</u>, CIV.08-5779(RBK/KMW), 2009 WL 4127546 (D.N.J. Nov. 23, 2009); <u>Gelman v. State Farm Mut. Auto. Ins. Co.</u>, CIV.A. 06-5118, 2007 WL 2306578 (E.D. Pa. Aug. 9, 2007) <u>aff'd,</u> 583 F.3d 187 (3d Cir. 2009); <u>Miller v. Sunoco, Inc.</u>, CIV.A. 07-1456, 2008 WL 623806 (E.D. Pa. Mar. 4, 2008).

In response to this well-documented defense argument that the FCRA does not provide for private injunctive relief, the plaintiff cites no legal authority to support its prayer for injunctive relief in this matter.  Yet, while the plaintiff does not choose to rely upon any legal authority to defend this claim for injunctive relief, we note that at least one court of appeals, in dictum, has suggested with respect to this question that:

> [T]he answer is not free from doubt. <u>Califano v. Yamasaki</u>, 442 U.S. 682, 705, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979), points out that a district court should start with the assumption that, in actions over which it has jurisdiction, it has authority to issue injunctive relief.  In the absence of "the clearest command to the contrary from Congress," the plaintiff may seek injunctive relief. <u>Id.</u> see also <u>Renegotiation Bd. v. Bannercraft Clothing Co.,</u> 415 U.S. 1, 19, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974)

15

(holding that the enumeration of specific types of equitable authority in the Freedom of Information Act did not preclude district courts from granting non-enumerated injunctive relief); <u>Porter v. Warner Holding Co.</u>, 328 U.S. 395, 398, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946) ("Unless otherwise provided by statute, all the inherent equitable powers of the District Court are available for the proper and complete exercise of that jurisdiction."); <u>United States v. Universal Mgmt. Servs., Inc.</u>, 191 F.3d 750, 761 (6th Cir.1999). Further complicating the picture are the conflicting negative inferences created by other parts of the statute. <u>Compare</u> 15 U.S.C. § 1681s(c)(1)(A) (explicitly allowing state Attorneys General to pursue injunctive relief—suggesting that such injunctive relief would not otherwise be available); <u>id.</u> § 1681u(m) (explicitly allowing injunctive relief under that section—suggesting it would not otherwise be available), <u>with id.</u> § 1681u(*l*) (limiting remedies in that section to those explicitly provided—suggesting that other remedies would otherwise be available implicitly).

<u>Beaudry v. TeleCheck Servs., Inc.</u>, 579 F.3d 702, 709 (6th Cir. 2009).

While we also agree that the answer is not entirely free from doubt, given the great weight of authority supporting the proposition that injunctive relief is unavailable in this setting, the reluctance of the United States Court of Appeals for the Third Circuit to infer a private right of action in other related consumer protection settings, the amorphous nature of the injunctive relief claim made in this case, and the inability of the plaintiff to currently articulate a legal basis for denying this motion, it is recommended that the defendant's motion to dismiss this claim for injunctive relief be granted. It is further, recommended, however, that this prayer for relief be dismissed without prejudice to the plaintiff endeavoring to articulate a more

clearly defined and legally defensible claim for injunctive relief in any amended complaint, and that the plaintiff be instructed to properly serve either the original complaint, or any amended complaint containing such a prayer for relief, upon the defendant within the next 45 days.

## III. <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendant's motion to dismiss, (Doc. 5.), be GRANTED, in part, and DENIED, in part, as follows:

1. As to the motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5), IT IS RECOMMENDED that the Court find that proper service of process has not been made in this case, but in lieu of dismissal of this action, that the flawed service of process be quashed, and the plaintiff be directed to make proper service within 45 days.

2. Defendant's motion to dismiss the attorney's fees claim in the complaint be DENIED.

3. The motion to dismiss the prayer for injunctive relief be GRANTED, but this prayer for relief be dismissed without prejudice to the plaintiff endeavoring to articulate a more clearly defined and legally defensible claim for injunctive relief in any amended complaint, and that the plaintiff be instructed to properly serve either the original complaint, or any amended complaint containing such a prayer for relief, upon the defendant within the next 45 days.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in

28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 3d day of October, 2014.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge